IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DONELL D. HALE,**

        **Plaintiff,**

        v.                        CASE NO. 10-3236-RDR

**TERRA MOREHEAD,**
**et al.,**

        **Defendants.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed pro se by an inmate of the Leavenworth Detention Center, a private prison facility operated by Corrections Corporation of America (LDC-CCA). Mr. Hale names as respondents Terra D. Morehead, Assistant U.S. Attorney (AUSA), United States District Court (D. Kan.); U.S. Marshals Office (D. Kan.)(USMS); and Ray Roberts, Warden, El Dorado Correctional Facility, El Dorado, Kansas (EDCF).

As the factual basis for his petition, Mr. Hale alleges as follows. Defendant AUSA Morehead, in her official capacity, filed a request for temporary custody of Mr. Hale by writ of habeas corpus ad prosequendum to stand trial in the United States District Court for the District of Kansas, which was granted by a U.S. Magistrate; and Warden Roberts turned Mr. Hale over to the custody of U.S. Marshals on July 15, 2010.

Mr. Hale claims that these actions of defendants Morehead

and Roberts deprived him of various rights under Rule 3161(J)(4) of the Federal Rules of Criminal Procedure, the Interstate Agreement on Detainers Act (IAD), and the Uniform Criminal Extradition Act. More specifically, he claims he was denied his rights to request final disposition of the indictment against him, to a pre-transfer hearing, to counsel, to a 30-day period in which to petition the Governor to test the legality of the indictment and the request for temporary custody, and to file a writ of habeas corpus.

Petitioner asserts that all named respondents violated provisions of the Interstate Agreement on Detainers (IAD), and that he was denied due process and equal protection of the law. He seeks "immediate dismissal" with prejudice of all indictments, charges, informations, detainers, and warrants against him "related to this cause of action." He also asks that "all criminal trial/pretrial proceedings related to this cause be suspended until final disposition" of this action. In addition, he seeks relief of $2500 from each defendant for each day spent in allegedly "illegal detention within federal custody."

The court notes that Mr. Hale filed a civil rights action at the same time as this habeas petition, in which he raised the same claims. See Hale v. Morehead, Case No. 10-3235-SAC.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the

fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.; see also Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002). Mr. Hale has provided an affidavit but has not provided a certified copy of his inmate account for the appropriate period of time. This action may not proceed until he provides this financial information that is required by federal law. He will be given time to do so, and is forewarned that if he fails to comply with the provisions of 28 U.S.C. § 1915 in the time allotted, this action may be dismissed without further notice. The filing fee for a habeas corpus action is $5.00, and the court will determine from his current institutional account balance, whether or not his motion should be granted.

**SCREENING**

A federal court is required to screen a habeas corpus petition upon filing. Having screened all materials filed, the court finds the petition is subject to being dismissed for the following reasons.

**PROPER RESPONDENT NOT NAMED**

3

The only proper respondent in a habeas corpus action is the petitioner's current custodian. Defendant Morehead is a federal prosecutor. Neither she nor the U.S. District Court (D. Kan.) is Mr. Hale's current custodian. The U.S. Marshals Service[1] took him into custody; but the Warden at the LDC-CCA appears to be his actual custodian at this time.

**DAMAGES NOT PROPER CLAIM FOR RELIEF IN HABEAS CORPUS PETITION**

As Mr. Hale was informed in his identical civil lawsuit, the United States and its agencies are absolutely immune to suits for money damages. As a consequence, he may not sue defendants Morehead, the U.S. District Court, or the USMS for money damages. In any event, money damages are not appropriately sought as relief in a habeas corpus action, where release from allegedly unlawful confinement is the sole remedy. Accordingly, the court will dismiss Hale's claim for money damages from this habeas corpus action.

**FAILURE TO STATE A CLAIM FOR RELIEF UNDER § 2241**

Petitioner's allegations that his current confinement in federal custody is illegal are correctly styled as habeas corpus claims. However, his requests for dismissal of federal indictments or charges, and for suspension of the federal criminal trial/pretrial proceedings are claims that must be raised in the

---

[1] The U.S. Marshals agency is referred to as the United States Marshals Service (USMS).

first instance in the trial court and on direct appeal if necessary. After trial and appeal, the sole habeas remedy for seeking dismissal of federal criminal proceedings is by motion filed in the sentencing court pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255.

A state prisoner's claims that his transfer to federal custody violated provisions of the IAD may be raised in a habeas corpus petition pursuant to 28 U.S.C. § 2241. However, Mr. Hale does not allege facts showing that the IAD was violated by his transfer to federal custody for trial, which was pursuant to a writ of habeas corpus ad prosequendum. It has long been held that a state prisoner may be taken into temporary federal custody by way of a writ of habeas corpus ad prosequendum for trial in federal court, and that such a writ is not, standing alone, a "detainer" within the meaning of the IAD. U.S. v. Mauro, 436 U.S. 340, 360-61 (1978); see Greathouse v. U.S., 655 F.2d 1032, 1034 (10th Cir. 1981), cert denied, 455 U.S. 926 (1982). It was reasoned by the U.S. Supreme Court in Mauro that "[w]hen the United States obtains a state prisoner by means of a writ of habeas corpus ad prosequendum, the problems the (IAD) seeks to eliminate do not arise," and thus "the Government is in no sense circumventing the (IAD) by means of the writ." Mauro, 436 U.S. at 361. If the Government took temporary custody of Mr. Hale by writ of habeas corpus ad prosequendum only, then the IAD "never became applicable and the United States was never bound by its provisions" as to his transfer. Id. at 361, FN 26. Thus, petitioner's allegations,

taken as true, state no claim of federal constitutional violation. It follows that he does not state a basis for relief under 28 U.S.C. § 2241.

Nor does petitioner show that he had a right under the Uniform Criminal Extradition Act to a pre-transfer hearing before being taken into federal custody on federal charges. See Trafny v. U.S., 311 Fed.Appx. 92, 95 (10th Cir. 2009). As the Tenth Circuit Court of Appeals explained in Trafny:

> It is clear that when a court issues a writ of habeas corpus ad prosequendum after a federal prosecutor has lodged a detainer with a "sending" state, the writ is treated as a request for custody under the IAD. (citing Mauro, 436 U.S. at 361-62). The question is whether such a federal writ also triggers the thirty-day waiting period for the potential exercise of the gubernatorial veto power. We hold that it does not.
>
> The passage of Article IV(a) of the IAD did not expand the authority of a sending state to dishonor an ad prosequendum writ issued by a federal court. Id. at 363, 98 S.Ct. 1834. States have never had such authority. The Supremacy Clause states that the laws of the United States "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby." United States Const., Art. VI, cl. 2. The pertinent United States law here is the federal habeas statute, which provides that federal habeas jurisdiction is available when "[i]t is necessary to bring [a prisoner] into [federal] court to testify or for trial." 28 U.S.C. § 2241(c)(5); see United States v. Kenaan, 557 F.2d 912, 916 n. 8 (1st Cir. 1977)(stating "[i]t appears that no state has ever refused to honor the writ" when prisoner's presence was sought under § 2241(c)(5)); see also United States v. Graham, 622 F.2d 57, 59 (3d Cir. 1980)("[I]n enacting Article IV(a), Congress did not intend to confer on state governors the power to disobey writs issued by federal courts as 'written requests for custody' under the [I.A.D.]"); United States v. Bryant, 612 F.2d 799, 802 (4th Cir. 1979)("While an individual

> state has authority to disapprove another state's request for custody, it does not have authority and is not empowered by the [I.A.D.] to reject a federal writ of habeas corpus ad prosequendum that serves as such a request."). Mr. Trafny had no right to petition Utah's governor to reject the writ and hence no entitlement to a thirty-day period before transportation.

Id. at 95-96. Mr. Hale also does not allege that he complied with the trigger provisions of the IAD in this case by requesting that disposition be made of a federal detainer, if any, or by requesting trial within 180 days. Nor does he allege that he has been returned to state custody without completion of his federal trial.

In addition, it has been held that "rights created by the IADA are statutory, not fundamental, constitutional, or jurisdictional in nature." See e. g., Greathouse, 655 F.2d at 1034 (and cases cited therein). Consequently, absent special circumstances, violations of the IAD are not grounds for collateral attack on a federal conviction and sentence. Id.

Petitioner is given time to show cause why this action should not be dismissed for failure to state a claim under 28 U.S.C. § 2241. If he fails to properly respond in the time provided, this action may be dismissed without further notice.

Mr. Hale has filed a Motion to Appoint Counsel. There is no constitutional right to appointment of counsel in a federal habeas corpus action. Since it appears upon screening that this case is subject to being dismissed, the court finds that the appointment of counsel is not warranted at this time.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is

given twenty (20) days in which to provide the certified copy of his inmate account as required by federal law, and to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 3) is denied, without prejudice.

**IT IS SO ORDERED.**

DATED:  This 7th day of January, 2011, at Topeka, Kansas.

s/RICHARD D. ROGERS<br>United States District Judge